IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00230-DSC

| | |
|---|---|
| TOSCHA WINSTEAD, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #12) and Defendant's "Motion for Summary Judgment" (document #15), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will <u>deny</u> Plaintiff's Motion for Summary Judgment; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on May 24, 2022. She assigns error to the Administrative Law Judge's evaluation of the opinion from her treating neurologist, Dr. Douglas Jeffrey. Specifically, she assigns error to the ALJ's failure to include all of the limitations Dr. Jeffrey

identified in formulating Plaintiff's Residual Functional Capacity.[1]  See Plaintiff's "Memorandum ..." at 1-2, 9-17 (document #13); Plaintiff's "Reply" at 1-6 (document #17).

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam).  The District Court does not review a final decision of the Commissioner de novo.  Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations."  20 C.F.R. § 404.1545(a).  The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis."  20 C.F.R. § 404.1545(b).

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time prior to expiration of her insured status on June 30, 2018 (Tr. 32, Finding 1).[2] Plaintiff challenges the ALJ's determination of her RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and non-medical evidence." Id.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart,

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. An ALJ may satisfy the "function-by-function" requirement by referencing a properly conducted analysis by State agency medical consultants. See Settlemyre v. Colvin, No. 5:14-CV-00199-MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept. 16, 2015); Linares v. Colvin, No. 5:14-CV-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96-8p.) (citing Lemken v. Astrue, No. 5:07-CV-33-RLV-DCK, 2010 WL 5057130, at *8 (W.D.N.C. July 26, 2010); Onishea v. Barnhart, 2004 WL 1588294, at *1 (5th Cir. July 16, 2004)). The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

The Court has carefully reviewed the record, the authorities and the parties' arguments. The ALJ clearly considered the functional limitations resulting from Plaintiff's medically

determinable impairments. The ALJ engaged in a well-reasoned, thorough discussion of the medical records.

The ALJ found Plaintiff had the RFC to perform a restricted range of light exertional unskilled work limited to only occasional postural activities, avoiding workplace hazards, able to sustain attention and concentration for two hours at a time, but no work requiring a production rate or demand pace, and frequent, but not continuous, use of the bilateral upper/lower extremities for pushing, pulling, operating hand/foot controls, reaching in all directions, including overhead, as well as fine and gross manipulations (Tr. 3110, Finding 5). Plaintiff required a sit/stand option up to two times each per hour, should avoid work environments dealing with crisis situations, complex decision making, or constant changes in a routine setting, and could perform routine, repetitive tasks. Plaintiff was limited to frequent, but not continuous, interactions with co-workers and supervisors and only occasional contact or interactions with the public. She required one to two additional five to ten minute rest breaks at her duty station (Tr. 3110-3111). Applying testimony from a Vocation Expert that was based upon a hypothetical incorporating those restrictions, the ALJ found Plaintiff able to perform work in the national economy. (Tr. 3118, Finding 10).

Plaintiff assigns error to the ALJ's evaluation of Dr. Jeffrey's opinion. For claims filed after March 27, 2017, the Commissioner has adopted a new framework for evaluating medical opinions. 20 C.F.R. § 404.1520c(a). The Commissioner no longer gives specific evidentiary weight to any medical opinion. Id. Rather, the Commissioner evaluates medical opinions by weighing multiple factors including (1) supportability, (2) consistency, (3) the medical source's relationship with the claimant, (4) the medical source's specialization and (5) other factors, such as the medical source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements.

20 C.F.R. § 404.1520c(c). Supportability and consistency are most significant in evaluating the persuasiveness of a medical source's opinion. The Commissioner is not required to explain consideration of the remaining factors. 20 C.F.R. § 404.1520c(b)(2).

On December 22, 2017 and April 9, 2020, Dr. Jeffrey completed "check-the-box" pre-printed forms that if given full weight would support Plaintiff's claim that she is unable to perform any work. (Tr. 1390-1391; 3296-3299). The second form was completed almost two years after expiration of Plaintiff's insured status (Tr. 32, Finding 1). Courts have recognized the "limited probative value" of such forms, especially when they lack well-supported explanatory notes. See, e.g., McGlothlen v. Astrue, 2012 WL 3647411, *6 (E.D.N.C.); Shelton v. Colvin, 2015 WL 1276903, *13 n. 6 (W.D. Va.); Leonard v. Astrue, 2012 WL 4404508, *4 (W.D. Va.). As the ALJ observed in discounting those opinions, they are "not consistent with his own treatment notes which include few ongoing objective findings on examination, including primarily some slight right sided weakness with diminished sensation, but otherwise normal gait, range of motion, and strength (Tr. 3116).

The ALJ applied the correct legal standards. Substantial evidence supports her conclusion that Plaintiff could perform other work that existed in the national economy and was not disabled.

### III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (document #12) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #15) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**   Signed: February 8, 2023

David S. Cayer
United States Magistrate Judge